## MASSACHUSETTS MUT. LIFE INS. CO. v. SENSOR.

### No. 6108.

Circuit Court of Appeals, Third Circuit.

Feb. 9, 1937.

Henry MacDonald, W. Pitt Gifford, and Gunnison, Fish, Gifford & Chapin, all of Erie, Pa., for appellant.

T. P. Dunn, of Erie, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

In the court below a life insurance company filed a bill in equity against the defendant to cancel its policy on the ground of the latter's alleged fraudulent misrepresentations in his application, therefor. After hearing of proofs, the court entered a decree dismissing the bill. Whereupon plaintiff took this appeal.

The findings of fact and conclusions of law are set forth in the court's opinion, viz.:

"The court makes the following findings of fact:

"1. The plaintiff is a corporation organized and existing under the laws of the State of Massachusetts, and is engaged in issuing policies of life insurance, and the defendant is a resident and citizen of Erie, in the Western District of Pennsylvania.

"2. On September 21, 1933, plaintiff issued to the defendant two certain policies of insurance, each being described as 'Term life insurance with disability benefits and double indemnity for accidental death', one policy numbered 1124074, being for the sum of $12,300.00, and the other policy, numbered 1124075, being for the sum of $10,000.

"3. Said policies were issued pursuant to the representations as to present and prior health made on September 19, 1933, and also representations made on June 22, 1933, upon application for a prior policy. The answers indicated no disease of the throat. The rider to the application, dated September 19, 1933, and signed by the applicant, contains in typewriting a declara-

---

tion, in substance, that all the answers made in the application of June 22, 1933, were correct and that applicant had no sickness, injury, or impairment of health since the date of the examination under the original policy.

"4. On September 15, 1933, the defendant was affected with a common cold and had been treated therefor by a physician. Later this cold developed into tonsilitis and an acute infection of the antrum; and in October following his tonsils were removed. Later he recovered ordinary health.

"5. When the application was signed by defendant, no questions as to his physical condition were asked him by the solicitor for the insurance. The typewritten statements relating thereto in the application were inserted by the soliciting agent of the plaintiff after the application for the policies in suit had been signed by defendant.

"6. The evidence introduced does not establish an intent on the part of defendant to deceive and defraud plaintiff by the application for each of the policies in suit.

"Conclusions of Law.

"1. The evidence is insufficient to establish intent to defraud on the part of the defendant.

"II. The bill of complaint should be dismissed."

After argument of the case and study of the proofs, we find ourselves in accord with the court below, and as the case depends on its own particular facts and no principle or precedents are involved, we limit ourselves to affirming the decree below on the court's opinion.